**ACLI INTERNATIONAL COMMODITY SERVICES, INC., Plaintiff,**

v.

**BANQUE POPULAIRE SUISSE, et al., Defendants.**

No. 82 Civ. 1058.

United States District Court, S.D. New York.

Nov. 2, 1982.

Rogers & Wells, New York City, for plaintiff; William R. Glendon, Guy C. Quinlan, Susan A. Garcia, Anne E. Fontaine, New York City, of counsel.

Arnold & Porter, Washington, D.C., Gilbert, Segall & Young, New York City, for defendant Banque Populaire Suisse; Brooksley Born, Washington, D.C., Howard Wilson, New York City, of counsel.

SOFAER, District Judge:

Defendant Banque Populaire Suisse ("Banque") moved to dismiss the complaint in this case. At a hearing on October 21, 1982 the Court denied the motion insofar as it sought dismissal on grounds of (1) an alleged assignment of plaintiff's fraud claims, (2) forum non conveniens and (3) failure to plead fraud with particularity. The Court, however, granted defendant's motion to dismiss certain claims based on Section 4b of the Commodity Exchange Act, 7 U.S.C. § 6b. The Court's reasoning as to the denial of the motion to dismiss the

entire complaint is adequately stated in the record of the October 21 hearing. As to the grant of the motion to dismiss the § 4b claims, however, this brief elaboration is in order.

The gist of plaintiff's allegations is simply stated. Plaintiff ACLI International Commodity Services, Inc. ("ACLI") is a commodities broker which deals in silver futures contracts on the Commodity Exchange ("COMEX") in New York City. Although ACLI trades only for the account of its customers, it is ultimately liable for the amount of its customers' defaults. As a result, plaintiff imposes limits on the futures positions which its customers may hold at any one time. Each ACLI customer must sign a written agreement stating that no undisclosed person holds an interest in the customer's account. This requirement is designed to prevent individuals from circumventing the position limits through nominee accounts. The defendant Banque and others are accused of defrauding ACLI by acquiring undisclosed interests in a number of accounts which defaulted on silver futures contracts and left ACLI liable to COMEX for $28 million.

Apart from its claims based on common law fraud, ACLI sued Banque for violating § 4b under the implied right of action recognized in *Leist v. Simplot,* 638 F.2d 283 (2d Cir.1980), *aff'd sub nom., Merrill Lynch, Pierce, Fenner & Smith v. Curran,* —— U.S. ——, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). The relevant provisions of § 4b state:

> "It shall be unlawful . . . (2) for any person, in or in connection with any order to make . . . any contract of sale of any commodity for future delivery . . . for or on behalf of any other person . . . .
>
> "(A) to cheat or defraud . . . such other person. . . .
>
> "(B) willfully to make or cause to be made to such other person any false report or statement. . . .
>
> "(C) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract. . . ."

This language makes clear that the fraud alleged in this case does not violate § 4b. Rather than broadly proscribing all fraud in connection with commodity futures contracts, *compare* Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), § 4b specifically refers to contracts "for or on behalf of any other person" and limits the proscribed fraud and deceit to that committed on "such other person." In this case none of the futures contract transactions in connection with which the alleged fraud occurred is claimed to have been "for or on behalf of" plaintiff ACLI. On the contrary, the fraud occurred in connection with transactions conducted "for or on behalf of" certain customers of ACLI, two of whom are defendants in this case. .

In his opinion in *Leist v. Simplot, supra,* Judge Friendly emphasized that the class of possible defendants under § 4b should not be limited to persons in privity with defrauded plaintiffs; but the example he gave to illustrate this point recognized that plaintiffs under § 4b must be persons defrauded in connection with a futures transaction conducted on their behalf, not simply any person defrauded in connection with any futures contract:

> "Appellees are wrong in saying that § 4b by its terms only prohibits "any person" from defrauding "any other person" in connection with the making of a futures contract for or on behalf of that other person. Thus if A defrauds broker B, who was making a futures contract for C, A would have defrauded C *in connection with a futures contract made for C,* although C is not A's customer."

638 F.2d at 322 (emphasis added). Judge Friendly cited legislative history emphasizing the broad purposes of § 4b, but only to refute the dissent's assertion that the provision should be strictly limited to suits by a customer against a broker. Indeed, rather than suggest that § 4b proscribes any and all fraud in connection with commodities transactions, Judge Friendly specifically deemed "it inadvisable to rule on the applicability of § 4b without the benefit of evidence of the exact relations among the various parties." 638 F.2d at 323.

In this case defendants allegedly defrauded plaintiff in connection with futures transactions that were conducted "for or on behalf of" defendants, not plaintiff. This claim makes § 4b entirely inapplicable. A broker might well be entitled to sue under § 4b, for example, where the broker is defrauded in connection with transactions conducted for or on his own behalf. This case, however, involves no transactions that were connected with the alleged fraud and conducted for or on behalf of ACLI. Unless the statute's plain language is to be ignored, a § 4b plaintiff must allege fraud in a commodities transaction conducted for himself, or on his own behalf. *See, e.g., Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 464, 472, 97 S.Ct. 1292, 1296, 1300, 51 L.Ed.2d 480 (1977) ("The starting point in every case involving construction of a statute is the language itself.").

Defendant Banque's motion to dismiss the entire complaint is denied, but the motion to dismiss claims based on Section 4b of the Commodities Exchange Act, 7 U.S.C. § 6b is granted.

SO ORDERED.